2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Cimarron Clark STANDEFER, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 93-1576.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 1, 1993.
Filed: August 23, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cimarron Clark Standefer appeals from a final order entered in the District Court[1] for the Western District of Missouri denying his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Standefer v. United States, No. 93-3042-CV-S-4 (W.D. Mo. Feb. 8, 1993) (order). For reversal, he argues that the district court denied him due process in denying the motion before the government responded and without holding an evidentiary hearing and that his sentence should be vacated because the district court lacked jurisdiction to convict him, erroneously considered evidence obtained from state authorities without a writ, and sentenced him in violation of the plea agreement, and because his trial counsel was ineffective. We affirm.
 
 
 2
 We conclude Standefer was not denied due process. Section 2255 provides that the court need not notify the government or hold a hearing before entering judgment if the motion and files and records of the case "conclusively show that the prisoner is entitled to no relief." The record in this case conclusively showed that Standefer was not entitled to relief.
 
 
 3
 Standefer's jurisdictional claim has no merit. Title 18 U.S.C. Sec. 3231 states: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Standefer pleaded guilty to two such offenses: being a felon in possession of a firearm, a violation of 18 U.S.C. Sec. 922(g)(1), and transporting sexually explicit photographs of a minor, a violation of 18 U.S.C. Sec. 2251(a).
 
 
 4
 Standefer's evidentiary claim is also without merit. The government may offer as evidence items obtained pursuant to a valid search by state authorities. There is no requirement that the court issue any type of writ to the state in order to obtain this evidence. To the extent that Standefer's ineffective assistance claim relates to this evidentiary issue, it is likewise without merit. Because Standefer raised no other specific instances of ineffective assistance, this claim was properly rejected.
 
 
 5
 Standefer's claim regarding the plea agreement is meritless as well. The government complied with the plea agreement by asking the district court to sentence Standefer at the bottom of the Guidelines range. The district court did not do so. Stipulations in a plea agreement, however, are not binding on the court, see U.S.S.G. Sec. 6B1.4(a) and (d), p.s., and Standefer acknowledged this in the plea agreement.
 
 
 6
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri